UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | MAGISTRATE CASE NO.: '24 MJ0847 |
|---|---|---|
| Plaintiff, | ) ) | COMPLAINT FOR VIOLATIONS OF: |
| v. | ) ) ) | Title 18, U.S.C. § 2252(a)(2) and (b)(1) – Receipt of Images of Minors Engaged in Sexually Explicit Conduct (with prior state conviction) |
| BENJAMIN EARL SLATER, | ) ) | |
| Defendant. | ) ) ) ) | |

The undersigned Complainant, being duly sworn, states:

Between on or about November 14, 2023, and through on or about January 24, 2024, within the Southern District of California, defendant BENJAMIN EARL SLATER, who has been previously convicted on December 3, 2019, of Lewd or Lascivious Acts with a Child in violation of California Penal Code § 288(a), did knowingly receive visual depictions, that is digital and computer images, using any means and facility of interstate and foreign commerce, and which has been mailed, shipped and transported in and affecting interstate and foreign commerce, the production of which involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and which visual depictions were of such conduct; in violation of Title 18, United States Code, Section 2252(a)(2).

1

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

_____
Jianna Zeolla, Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. Proc. 4.1 by telephone on this 1st day of March, 2024.

_____
HONORABLE KAREN S. CRAWFORD
United States Magistrate Judge

# STATEMENT OF FACTS

I, Jianna Zeolla, am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and have been so employed since May 2021. I am currently assigned to the Special Agent in Charge San Diego Office, Child Exploitation group within HSI in San Diego, California. HSI is also a member of the San Diego Internet Crimes Against Children task force which includes members of the San Diego Police Department, San Diego County Sheriff's Department, U.S. Postal Inspection Service, Federal Bureau of Investigations, Naval Criminal Investigative Service, U.S. Attorney's Office, and the San Diego County District Attorney's Office. As an HSI Special Agent assigned to the San Diego Child Exploitation Group, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of Title 18, United States Code, Sections 2252 and 2252A. I have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media. I also assist state investigators in child exploitation investigations.

Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the complaint, it does not set forth each and every fact that I, or others, have learned during the course of this investigation. The facts in this affidavit are also on based information I have received in the course of this investigation, and in conversation with other law enforcement officers.

The San Diego ICAC Task Force members conduct undercover operations on publicly available peer-to-peer (P2P) file-sharing programs which share files using the internet and file-sharing programs. The computer used by the San Diego ICAC Task Force uses a law enforcement version that was configured to download suspected child pornography files directly from other computers that are using the

same file-sharing protocol. In my training and experience, I have come to know that file sharing is a method of distributing, receiving, and possessing electronically stored information, including digital media such as images and videos. P2P file-sharing applications enable networks of computer users to share and access files on their computers through the Internet. Participants in a P2P file-sharing network typically designate certain computer files for access by others within their network. Through the Internet, those within the network can then use the P2P file-sharing application to obtain designated files and transfer them to their own computer. In order for an individual to distribute files over the P2P file-sharing network, I know, based on my training and experience that the individual had to receive that file prior to it being distributed.

Between November 14, 2023, and January 24, 2024, a device with the P2P file-sharing program connected to the internet using the Internet Protocol (IP) address 98.176.145.21 (SUBJECT IP ADDRESS). Because the user was connected to the P2P file-sharing program, an investigator at the San Diego ICAC was able to obtain several files from this internet user's machine. The majority of these files depicted footage of prepubescent or pubescent females, nude or engaging in sexually explicit conduct. Among the received files were the following:

- One file contains a video depicting a prepubescent female, naked. She is bound on both her wrist and legs with yellow rope. The video begins with the prepubescent female bound to the bed she is lying on and blindfolded. There is a dog with a red collar licking her genitals. There appears to be another individual recording moving the camera angles. An adult hand appears and begins tapping on the prepubescent female directing the dog to continue licking the juvenile's genitals. The adult hand appears again and begins to rub something on the prepubescent female to attract the dog

once more. The camera angle changes, and the prepubescent female is now oral copulating and erect male adult penis as the dog is licking her genitals.

- One file contains an image depicting a prepubescent female naked with her genitals exposed. She is seen is sitting on a bed leaning over underneath a male dog, orally copulating the dog.
- One file contains an image depicting two prepubescent females engaged in sexually explicit conduct, including exposing their genitals, the inside of their vaginas, and the anus. The two prepubescent females are seen lying on top of one another, naked, their genitals rubbing against one another and masturbating with a pink vibrator.

The state investigator who obtained the files above, viewed these files and determined they constitute child pornography as defined in 18 U.S.C § 2256. During the download of these files, the software program created log files to verify the source of the received file. The state investigator reviewed the download logs and verified that the child pornography files came from the SUBJECT IP ADDRESS.

On November 2, 2023, an HSI SA submitted a DHS summons[1] for subscriber information pertaining to the SUBJECT IP ADDRESS. Cox Communication LLC provided subscriber information for a residence located in Santee, California, in the Southern District of California (Target Residence).

State law enforcement investigators conducted surveillance of the Target Residence and identified potential occupants. Investigators learned that Benjamin Earl SLATER was living at the Target Residence and a Registered Sex Offender. Law enforcement database confirmed that SLATER was convicted on December 03, 2019, of the following: Lewd or Lascivious Acts with a Child in violation of section

---

[1] As HSI is part of the San Diego ICAC Task Force, we provide investigative support for investigations that begin with state law enforcement partners.

5

288(a) P.C. and Possession or Control of Child Pornography in violation of Section 311.11(c)(l) P.C. As a result of these convictions, SLATER is subject to a Fourth Waiver.

Based on the investigation to date and the identification of the residence located in Santee, state law enforcement investigators applied for a state search warrant. On February 15, 2024, the Honorable Timothy Walsh authorized state search and seizure warrant for the Target Residence. On February 20, 2023, the San Diego ICAC executed the above-mentioned warrant at the residence. San Diego ICAC investigators encountered Benjamin Earl SLATER at his place of employment. SLATER was transported back to the Target Residence and interviewed by San Diego ICAC investigators.

During a post-*Miranda* interview, SLATER admitted to downloading child pornography via the P2P file sharing program identified during the investigation. He told law enforcement officers about the types of files he would download using the P2P program. SLATER also admitted to masturbating while watching videos of child pornography. SLATER admitted to then storing the files of child pornography on his cellphone which he hides in his backpack inside of the residence. Pursuant to the state search warrant, various electronic devices were seized and are currently being reviewed and forensically analyzed.

Based on the investigation and statements made, SLATER received the files identified above using the P2P file-sharing program, while located in the Southern District of California. Based on my training and experience, I know the P2P file-sharing program requires the use of the Internet and that the Internet is a means and facility of interstate and foreign commerce.